Dear Commissioner Travis:
We received your request for an opinion asking that we reconsider Opinion No. 00-78 wherein we opined that a pawnbroker, who has a security agreement in which a motor vehicle is the collateral, may exercise his privilege by selling the vehicle without being a licensed used motor vehicle dealer. In support of our opinion we cited La.R.S.32:771(16)(b)(iv) which exempts secured parties who sell a vehicle which is collateral on a security agreement from being considered a used motor vehicle dealer. You ask that we reconsider and/or amend that decision in light of La.R.S. 37:1801 which provides as follows:
 A. Notwithstanding any other provisions of the law to the contrary, except where a pawnbroker possesses a valid used motor vehicle dealer's license issued pursuant to R.S. 32:771 et. seq., he shall not sell a used motor vehicle which he possesses or which he displays for sale except to one of the following:
(1) A used motor vehicle dealer
(2) A purchaser through a regular used motor vehicle auction.
(3) A purchaser through a used motor vehicle dealer.
 B. The terms "used motor vehicle" and "used motor vehicle dealer" as used in this Section shall have the meaning ascribed in R.S. 32:771.
As noted in your request, La.R.S. 37:1801 was amended in 1995. Particularly, subsection C, which exempted vehicles acquired by forfeiture in a pawn transaction and vehicles acquired for a pawnbroker's personal use, was repealed. It is well established within our jurisprudence that with regards to statutory interpretation, a court should give a statute the meaning the Legislature intended. Every word, sentence or provision in the statute is presumed to have been intended to serve a useful purpose. Additionally, the Legislature is presumed to have enacted each statute with deliberation and with full knowledge of all existing laws on the same subject. ABL Management, Inc. v. Board ofSupervisors of Southern University, 773 So.2d 131 (La. 2000).
Accordingly, it is our opinion that although parties who sell a vehicle as a secured party or mortgagee are not considered used motor vehicle dealers per La.R.S. 32:771 (16)(b)(iv), we must presume that La.R.S.37:1801 was enacted with full knowledge of all existing laws on the same subject. Therefore, we amend Opinion No. 00-78 as follows. A pawnbroker may sell a vehicle without being a licensed used motor vehicle dealer; however, such sale must be made pursuant to the conditions imposed in La.R.S. 37:1801. That is, the sale of such vehicle must be to a used motor vehicle dealer; to a purchaser through a regular used motor vehicle auction; or to a purchaser through a used motor vehicle dealer.
We trust this adequately responds to your request. If you have any questions or comments, please contact our office.
With kindest regards,
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ TINA VICARI GRANT Assistant Attorney General
DATE RECEIVE: 6/12/01DATE RELEASED: July 6, 2001AUTHOR: TINA VICARI GRANT Assistant Attorney General
RPI:TVG:crt